**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Kia Forte 2022, VIN:3KPF24AD1NE476494,<br><br>Defendant. | No. CV-22-00470-TUC-SHR<br><br>**Order Granting Motion for Default Judgment for Forfeiture** |

Pending before the Court is the government's "Motion for Default Judgment for Forfeiture" (the "Motion") (Doc. 15) filed pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. The Court will grant the Motion.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On October 6, 2022, the government filed a Complaint for Forfeiture In Rem against the defendant, one 2022 Kia Forte, VIN:3KPF24AD1NE476494, (hereinafter referred to as the "defendant vehicle"). (Doc. 1 at 1–2.) The government alleged the defendant vehicle was used in the commission of two offenses: (1) conspiring to transport aliens within or into the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I); and (2) transporting or attempting to transport aliens within or into the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). (*Id.*) Therefore, the government asserts, the defendant vehicle is forfeitable under 8 U.S.C. § 1324(b)(1). (*Id.*)

On October 8, 2022, the government properly noticed putative claimant, Emma

Salcido, in care of Mr. Nicholas Loncar, Esq., by mailing copies of the Complaint for Forfeiture In Rem, Warrant of Arrest In Rem, and Notice of Forfeiture Action via United States Postal Service Certified Mail.[1]  (Doc. 5.)  On November 2, 2022, Salcido filed a claim as to the defendant vehicle (Doc. 7) but subsequently informed the government that she had decided not to file an answer and allow the government to proceed to strike the claim (Doc. 9 at 2–3).  On January 24, 2023, the Court dismissed Salcido's claim for failure to comply with Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  (Doc. 10.)

The government complied with the notice and publication requirements of Rule G(4) Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  No other appearance, claim, answer, or motion under Rule 12 of the Federal Rules of Civil Procedure was filed as required by Rule G(5) and 18 U.S.C. § 983(a)(4).  On March 9, 2023, the Clerk of Court entered default against Claimant Emma Salcido pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  (Doc. 13.)  The government now seeks a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.  (Doc. 15.)

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(a), default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action.  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in

---

[1] The government alleges it was unaware of any other potential claimants who may have an interest in the defendant vehicle.  (Doc. 15 at 2.)

the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong public policy favoring decisions on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986.)

### III.    1DISCUSSION

#### A.  First, Fifth, Sixth, and Seventh *Eitel* Factors

"In cases like this one, in which Defendants have not participated in the litigation at all, the first, fifth, sixth, and seventh factors are easily addressed." *Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. Mar. 27, 2020). The first factor—the possibility of prejudice to Plaintiff—weighs in favor of granting default judgment.  Although Salcido originally filed a claim as to the defendant vehicle, she subsequently informed the government that she decided not to file an answer and allow the government to proceed to strike her claim.  No other appearance has been made in this action.  "[D]enying the motion would unduly prejudice the Government because it would be required to litigate this action even though no potential claimants have appeared to contest this forfeiture." *United States v. $27,800 in U.S. Currency*, 2017 WL 6345394, *4 (S.D. Cal. 2017).  Therefore, the first factor weighs in favor of default judgment.

The fifth and sixth factors also weigh in favor of granting default judgment. Because no potential claimant has filed an answer, there is no dispute over material facts and no indication that default is due to excusable neglect.

The seventh factor weighs against default judgment because cases generally "should be decided upon their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472. However, this factor, "standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177.

#### B.  Second and Third *Eitel* Factors

The second and third factors "are often analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Zekelman*, 2020 WL 1495210, at *5 (citation omitted).  When the complaint sufficiently states a claim for

relief, these factors favor a default judgment. *See Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Zekelman*, 2020 WL 1495210, at *5 (citation omitted).

Here, both factors weigh in favor of granting default judgment. Taken as true, the factual allegations establish the defendant vehicle was used in a knowing violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and 8 U.S.C. § 1324(a)(1)(A)(ii), and is therefore forfeitable under 8 U.S.C. § 1324(b)(1). Special Agent Dylan Wall of Homeland Security Investigations indicated in his affidavit that the defendant vehicle was used "to facilitate the smuggling and transportation of three undocumented non-citizens." (Doc. 1-2 at 2.) After law enforcement attempted to stop the driver of the defendant vehicle, the driver accelerated to speeds over one hundred miles per hour and passed multiple cars to flee a marked patrol car. (*Id.* at 3.) At one point, law enforcement terminated their pursuit out of safety concerns due to the high rate of speed and erratic driving. (*Id.*) Law enforcement was subsequently able to stop the defendant vehicle after placing spike strips in the area; three undocumented non-citizens were found in the defendant vehicle. (*Id.* at 2–4.) During a post-*Miranda* interview, the owner of defendant vehicle—Emma Salcido—told law enforcement that she and the driver were smuggling the non-citizens for money and that they fled from law enforcement because they did not want to go to jail. (*Id.* at 5.)

### C. Fourth *Eitel* Factor

Under the fourth factor, this Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003) (citation omitted). "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Zekelman*, 2020 WL 1495210, at *4 (citation omitted).

Here, the defendant property at stake is a 2022 Kia Forte.[2] Other courts in this Circuit have found similar or greater amounts to be reasonable considering the seriousness

---

[2] The value of the car is not in the record.

- 4 -

of the alleged crime.  *Cf. United States v. Approximately $19,126 in United States Currency*, No. 16-CV-06645-LHK, 2017 WL 3969455, at *7 (N.D. Cal. Sept. 8, 2017) (car valued at approximately $18,000 was reasonably seized when used to facilitate sale of controlled substances); *United States v. $50,460.00 in United States Currency*, No. CV-15-02596-PHX-JAT, 2016 WL 3345488, at *4 (D. Ariz. June 16, 2016) ($50,460.00 was reasonably seized where money was more likely than not used "in the trafficking of a sizable amount of illicit narcotics").  Given the seriousness of the crimes at issue here, the Court finds the amount here to be reasonable.  Therefore, this factor favors granting default judgment.

### IV.   CONCLUSION

Collectively, the *Eitel* factors weigh in favor of entry of default judgment. Accordingly,

**IT IS ORDERED** the Motion (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** default judgment is entered for the United States of America, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, against the defendant vehicle, one 2022 Kia Forte, VIN:3KPF24AD1NE476494.

**IT IS FURTHER ORDERED** that all right, title and interest in the defendant vehicle, one 2022 Kia Forte, VIN:3KPF24AD1NE476494, is hereby condemned, forfeited to, and vested in the United States of America.

**IT IS FURTHER ORDERED** the defendant vehicle, one 2022 Kia Forte, VIN:3KPF24AD1NE476494, is forfeited to the United States of America herein and shall be disposed of according to law.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 30th day of March, 2023.

Honorable Scott H. Rash
United States District Judge